# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs February 7, 2001

## MOHAMED F. ALI v. HOWARD CARLTON, ET AL.

**Appeal from the Circuit Court for Johnson County**
**No. 1846      G. Richard Johnson, Chancellor**

**FILED FEBRUARY 28, 2001**

**No. E2000-02549-COA-R3-CV**

---

AND

## MOHAMED F. ALI v. HOWARD CARLTON, ET AL.

**Appeal from the Circuit Court for Johnson County**
**No. 1926V      Jean A. Stanley, Judge**

---

**No. E2000-01329-COA-R3-CV**

---

In each of these consolidated appeals, the trial court dismissed a complaint filed by Mohamed F. Ali, a prisoner in state custody. We affirm in both cases.

**Tenn. R. App. P. 3 Appeals as of Right; Judgments of the Circuit Court Affirmed; Cases Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Mohamed F. Ali, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Mark A. Hudson, Senior Counsel, for the appellees, Howard Carlton and David Torbett.

**OPINION**

**I.**

On April 5, 1999, Mohamed F. Ali filed a complaint in the trial court ("the first action") denominated as follows:

> CIVIL RIGHTS COMPLAINT (42 U.S.C. §§ 1981, 1983 AND 1985)
> CIVIL ACTION FOR OFFICIAL MISCONDUCT, SLANDER, LIBEL, DISCRIMINATION AND CIVIL RIGHTS INTIMIDATION

The plaintiff's complaint names as defendants Howard Carlton, who is identified as the "prison warden" at Northeast Correctional Complex in Mountain City, the facility at which the plaintiff was incarcerated; and David Torbett, a "prison guard" at the same facility. The complaint seeks a declaratory judgment, injunctive relief, compensatory damages, punitive damages, and court costs.

The complaint in the first action generally accuses the defendants of racial and religious discrimination as well as defamation. The complaint focuses on the plaintiff's claim that the defendant Torbett falsely accused the plaintiff and his wife of engaging in sexual misconduct when she visited him at the prison on April 12, 1998. With respect to the warden, the complaint in the first action focuses on the warden's actions growing out of Torbett's disciplinary report. The plaintiff alleges that the warden's response to the disciplinary report was both discriminatory and defamatory in nature.

Before the complaint was filed in the first action, the facts alleged in that document had also been the predicate for two institutional grievances filed by Mr. Ali. Both of these grievances were resolved against him. He was notified of the first adverse decision in September, 1998, and of the second adverse decision in December, 1998.

On July 12, 1999, the trial court granted the defendants' motion to dismiss Ali's complaint, finding that it was not timely filed. The court relied upon the provisions of T.C.A. § 41-21-806(b) (1997):

> The court shall dismiss the claim if the inmate fails to file the claim before the thirty-first day after the date the inmate receives the final decision from the grievance committee.

We agree with the trial court. It is clear that the complaint in the first action was not filed "before the thirty-first day after the date the inmate receive[d] the final decision from the grievance committee." *Id*. The complaint in the first action is time-barred.

II.

On August 23, 1999, the plaintiff filed what he attempts to characterize as a new cause of action against the same defendants ("the second action"). The complaint's title is identical to that of the complaint filed in the first action. The complaint in the second action again alleges the facts set forth in the first action. The second complaint seeks the same relief sought in the first action.

On February 14, 2000, the trial court entered an order in which it recites that the cause of action alleged in the second complaint "is the same action which [p]laintiff had previously filed...which was dismissed by final [o]rder entered July 12, 1999." The order goes on to recite that the defendants had again filed a motion to dismiss. The order then observes that the plaintiff had filed a "written notice" taking a voluntary non-suit of the complaint filed in the second action.

In its order of February 14, 2000, the trial court acknowledged the obvious, *i.e.*, that the plaintiff had a right to take a voluntary non-suit. *See* Tenn. R. Civ. P. 41.01(1). The trial court proceeded to order the plaintiff "to pay the filing fees, court costs, and any other related expenses." In doing so, the court found, pursuant to T.C.A. § 41-21-804 (1997),[1] that the plaintiff's claim was frivolous in that the same action – the one filed in the first action – had "previously been considered and dismissed." The court relied specifically upon the language of T.C.A. § 41-21-804(b)(3) (1997).

In burdening the plaintiff with the filing fees, court costs, and related expenses, the court relied upon T.C.A. § 41-21-807 (1997), which provides, in pertinent part, as follows:

> (a) The court shall order an inmate who has filed a frivolous or malicious claim to pay filing fees, court costs and any other related expenses in accordance with this section. The clerk of the court shall mail a copy of the court's order to the department or the county jail, as appropriate.

---

[1]T.C.A. § 41-21-804 provides as follows:

> (a) A court may dismiss a claim filed by an inmate, either before or after service of process on the defendant, if the court finds that:
>
>     \*   \*   \*
>
> (2) The claim is frivolous or malicious.
> (b) In determining whether a claim is frivolous or malicious under subsection (a), the court may consider whether or not:
> (1) The claim has a chance of success;
> (2) The claim has a basis in law and in fact; and
> (3) The claim is substantially similar to a previous claim filed by the inmate in that the present claim arises from the same operative facts.

-3-

III.

We have carefully reviewed the records in these two consolidated appeals. We find no error in either case. Accordingly, the judgment of the trial court in each case is affirmed. Costs on appeal are taxed against the appellant, Mohamed F. Ali. These cases are remanded to the trial court for the collection of costs assessed below, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE